IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSHUA D. CHAPMAN-SEXTON, | : |
| | : |
| Petitioner, | : Case No. 2:16-cr-141 |
| | : |
| v. | : Chief Judge Algenon L. Marbley |
| | : |
| UNITED STATES OF AMERICA, | : Magistrate Judge Elizabeth P. Deavers |
| | : |
| Respondent. | : |

**OPINION & ORDER**

This matter comes before the Court on Petitioner Chapman-Sexton's Motion for Reconsideration (ECF No. 106). Petitioner seeks reconsideration of the Court's previous Order (ECF No. 104), which adopted the Magistrate Judge's Report and Recommendation (ECF No. 102) and dismissed the action.

I.  BACKGROUND

Petitioner initiated this action to challenge his convictions after a jury trial on two counts of receiving child pornography and one count of possessing child pornography. On August 25, 2017, the Court imposed an aggregate term of 412 months' imprisonment. (ECF No. 72). On December 18, 2018, the United States Court of Appeals for the Sixth Circuit affirmed that judgment. *United States v. Chapman-Sexton*, 758 F. App'x 437 (6th Cir. 2018).

Petitioner sought to vacate his sentence under 28 U.S.C. Section 2255, asserting various claims related to ineffective assistance of counsel and newly discovered evidence. (ECF No. 91). On January 28, 2021, the Magistrate Judge issued a Report and Recommendation that Petitioner's Motion be denied as time-barred or, alternatively, for lack of merit. (ECF No. 102). The Report and Recommendation advised the parties specifically of their right to object within fourteen days and of the rights they would waive by failing to object. (*Id.* at 19). No objections were filed, and

1

the window lapsed on February 11, 2021. Accordingly, this Court adopted the Report and Recommendation in an Order dated March 16, 2021. (ECF No. 104). Petitioner now asks the Court to reconsider that Order and the judgment entered thereunder. (ECF No. 106). The Government opposes. (ECF No. 107).

## II. STANDARD OF REVIEW

Petitioner's Motion for Reconsideration is properly analyzed as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See Warstler v. Medtronic, Inc.*, 2017 WL 3088037, at *2 (N.D. Ohio July 20, 2017) (citing *McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 382 (6th Cir. 1991); and *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979)). To prevail on a Rule 59(e) motion, Petitioner must show: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006).

Petitioner's Motion "is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). "Relief under Rule 59(e) . . . is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *McFarlane v. Warden, Chillicothe Corr. Inst.*, 2019 WL 3501531, at *1 (S.D. Ohio Aug. 1, 2019) (internal quotation omitted).

## III. LAW & ANALYSIS

First, Petitioner argues that he did not receive notice that his Reply (ECF No. 103) was received and docketed with the Court or considered for the Magistrate Judge's Report and Recommendation. (ECF No. 106 at 3). Petitioner's Reply was mailed on December 30 and docketed with a date of January 12, 2021—sixteen days before the Magistrate Judge entered the Report and Recommendation. A review of the Report and Recommendation indicates that the

2

Magistrate Judge addressed all the issues in Petitioner's Motion, the Government's Response, and Petitioner's Reply. *See* ECF No. 102 at 5–6 (addressing equitable tolling, which is Section I of Petitioner's Reply), 6–8 (new evidence—Section IV of Reply), 11–14 (failure to call witnesses or hire an expert—Sections II.A–C of Reply), 14–15 (choice of counsel—Section III of Reply), 15–18 (sufficiency of evidence—Section II.D of Reply). Thus, this first argument is without merit.

Petitioner's remaining arguments claim that he was not provided a copy or notice of the Magistrate Judge's Report and Recommendation, so he was unable to file objections accordingly. (ECF No. 106 at 4–6). The Court's staff have reviewed the record and conferred with the Clerk's Office to confirm that the Report and Recommendation was mailed to Petitioner at the Fairton Federal Correctional Institute on January 28, 2021. Absent any evidence of a defective mailing, the Court finds that Petitioner has failed to meet the high standard necessary for reconsideration.

### IV. CONCLUSION

For the reasons set forth above, Petitioner Chapman-Sexton's Motion for Reconsideration (ECF No. 106) is **DENIED**.

**IT IS SO ORDERED.**

								_____
								**ALGENON L. MARBLEY**
								**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  January 24, 2022**